**FILED**

JUL 1 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLARENCE V. ELLESBURY,  ) No. C 12-1687 LHK (PR)
)
Petitioner,  ) ORDER OF DISMISSAL
)
v.  )
)
)
R. GROUNDS, Warden,  )
)
Respondent.  )
_____)

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner challenges a 2010 decision by the Governor, reversing the California Board of Parole Hearings' ("Board") finding that Petitioner was suitable for parole. Petitioner has paid the filing fee. For the reasons stated below, the Court DISMISSES the petition for failure to state a cognizable claim for relief.

**DISCUSSION**

A. <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show

cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B. <u>Petitioner's Claims</u>

As grounds for federal habeas relief, Petitioner alleges that: (1) his due process rights were violated because the Governor's reversal was based on unsworn hearsay allegations; (2) his 15-years-to-life sentence violates the Eighth Amendment; and (3) the cumulative effect of the errors was prejudicial.

Petitioner's due process allegation fails to state a federal constitutional claim. The Supreme Court has made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam). Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. *Id.*, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). Petitioner's exhibits demonstrate that he was given those minimum protections. Thus, Petitioner's allegations fail to state a cognizable claim for federal habeas relief. *See id.*; *Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011) ("we now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision").

To the extent Petitioner argues that the unsworn hearsay allegations violated his right to confrontation, this claim has been foreclosed. The Confrontation Clause applies only to criminal prosecutions, and thus does not apply to the parole eligibility hearing at issue here. *See United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (Confrontation Clause does not apply to parole revocation proceedings).

Petitioner's Eighth Amendment claim similarly has no merit. Petitioner argues that his Minimum Eligibility Parole Date has passed, and his fifteen-years-to-life sentence has been essentially converted to a full life term, in violation of the Eighth Amendment. A life-term sentence for murder is not cruel and unusual punishment. *United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991). In general, as long as a "sentence does not exceed the statutory

maximum" – which, in Petitioner's case is life – the sentence will not be overturned on Eighth Amendment grounds." *Belgarde v. Montana*, 123 F.3d 1210, 1215 (9th Cir. 1997). Moreover, in order to prevail on this issue, Petitioner must establish that a life sentence without the possibility of parole for second degree murder constitutes a violation of the Eighth Amendment proscription on cruel and unusual punishment. Petitioner has not done so. Indeed, Supreme Court authority is clear that life without the possibility of parole does not violate the Eighth Amendment's prohibition of cruel and unusual punishment. *See, e.g., Hamelin v. Michigan*, 501 U.S. 957, 998 (1991) (upholding against an Eighth Amendment challenge a mandatory life sentence without the possibility of parole upon conviction for possession of more than 650 grams of cocaine without consideration of mitigating factors, such as the fact that the defendant had no prior felony convictions). Because Petitioner had no constitutional right to be released from prison after any fixed period of time, this claim is dismissed.

      To the extent Petitioner claims that the denial violated his right to equal protection, he fails to support his claim. Nonetheless, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To prevail on his equal protection claim, Petitioner must show he is a member of a class that was denied a benefit available to other similarly situated individuals, and that such denial was not rationally related to legitimate state interests. *See Mayner v. Callahan*, 873 F.2d 1300, 1302 (9th Cir. 1989) (applying rational basis test to prisoner's claim of unequal application of parole consideration criteria). All inmates applying for parole are not similarly situated. *See Houtz v. Deland*, 718 F. Supp. 1497, 1501-02 (D. Utah 1989) (citing *Sweazea v. Missouri Bd. of Probation & Parole*, 742 F.2d 482, 483 (8th Cir. 1984) (per curiam)). Rather, parole decisions, by their very nature, require a parole board to look at the individual circumstances of each prisoner and his crimes. *Id.* at 1501. Under California law, the Board is required to review the specific facts of each case and to make an individualized determination as to whether a prisoner is suitable for parole. *See In re Lawrence*, 44 Cal.4th 1181, 1221 (2008); *see also In re*

G:\PRO-SE\SJ.LHK\HC.12\Ellesbury687disparole.wpd   3

*Dannenberg*, 34 Cal.4th 1061, 1083-84 (2005) (holding determination whether inmate poses current danger not dependent upon whether commitment offense was more or less egregious than other similar crimes). Here, it is clear from the record that the Board and the Governor (Pet. Ex. C) made an individualized determination as to Petitioner's suitability for parole and did not deny parole by comparing petitioner to other prisoners. Accordingly, the Court finds Petitioner has not stated an equal protection claim, and this claim will be dismissed.

Petitioner's final claim that he is entitle to habeas relief based on cumulative error is equally unavailing. Where, as here, no single constitutional error exists, nothing can accumulate to the level of a constitutional violation. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002). Accordingly, this claim is dismissed.

## CONCLUSION

This case is DISMISSED for failure to state a claim. The Clerk shall close the file and enter judgment in this matter.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeal.

IT IS SO ORDERED.

DATED: 7/16/12

_____
LUCY H. KOH
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.LHK\HC.12\Ellesbury687disparole.wpd  4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CLARENCE,

        Plaintiff,

v.

ELLESBURY-V-R. GROUNDS et al,

        Defendant.
        _____/

Case Number: CV12-01687 LHK

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clarence V. Ellesbury H-28893
Correctional Training Facility - Central
P. O. Box 689
Soledad, CA 93960

Dated: July 16, 2012

                                      Richard W. Wieking, Clerk
                                      /s/ By: Elizabeth Garcia, Deputy Clerk